

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| DONALD HENNINGFELD, | ) | No. ED100922 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the City of |
| | ) | St. Louis Circuit Court |
| vs. | ) | |
| | ) | Honorable Robin R. Vannoy |
| STATE OF MISSOURI, | ) | |
| | ) | Filed:  December 23, 2014 |
| Respondent. | ) | |

### Introduction

Donald Henningfeld (Movant) appeals the judgment of the motion court denying his Rule 29.15 motion for post-conviction relief following an evidentiary hearing. Movant claims the motion court erred in denying his claim that trial counsel was ineffective for: (1) failing to present evidence of the victim's alleged motive to fabricate the allegations; (2) failing to include a claim in his motion for new trial regarding the State's use of impeachment evidence; and (3) failing to object to the trial court's alleged improper instruction of the jury regarding notetaking during the trial.   Movant also contends that appellate counsel was ineffective for failing to raise a plain error claim on direct appeal.  We affirm in part, and reverse and remand in part.

**Factual Background**

Movant was charged with forcible sodomy, second-degree assault, armed criminal action, kidnapping, and attempted forcible sodomy. At the time of the incident, the 17-year-old victim had been working for Movant doing construction work. One night after work, James Chapman (a co-worker) called Victim at his girlfriend's home and said that he needed Victim's assistance with another co-worker, Chris Napier, who had been injured. Chapman picked up Victim and drove to a vacant house under renovation. When Victim asked what was going on, Chapman pulled out a gun and threatened to kill him. After arriving at the house, Chapman held a gun to Victim's back and forced him to enter the house. Once inside, Chapman pushed Victim up the stairs and took him to a back bedroom where Movant and two other co-workers (Napier and Anthony Correnti) were waiting. As soon as the Victim reached the back bedroom Movant struck him in the head with a wooden board. When Victim fell down, the other men joined in the attack, striking Victim repeatedly with wooden boards, beer bottles, and hammers. Movant then tied Victim's hands behind his back with duct tape, pulled down Victim's pants, and sodomized him. The men then sodomized Victim with a broom stick handle. After being sexually assaulted, Movant and the others beat Victim again before heading into another room to discuss killing Victim. At that point, Victim escaped by jumping from an open window and running away.

As a result of the assault, Victim sustained extensive injuries. During a medical examination, Victim told the doctor that four men had beaten him with fists, a hammer, and wood boards. Victim also indicated that the men had raped him with a broom stick

handle and that Movant had forcibly sodomized him. During a subsequent search of the scene, police found several wooden boards, duct tape, a hammer, and a broom. Investigators also conducted tests on DNA recovered from Victim, his T-shirt, and the broom stick handle. DNA found on a rectal swab taken from Victim shortly after the assault was consistent with Movant's DNA.

Movant was subsequently charged with forcible sodomy, second-degree assault, armed criminal action, kidnapping, and attempted forcible sodomy. At trial, Victim testified that Movant and the other men had attacked him and that Movant had forcibly sodomized him. The State also presented Napier's testimony, a co-perpetrator, who corroborated Victim's account of the crimes. Napier also testified that the men had discussed killing Victim before he jumped out the window. The jury convicted Movant on all charges and the trial court sentenced him to a total of life imprisonment plus seventy years. Movant filed a motion for a new trial, which was denied. Movant then filed a direct appeal. On appeal, this court affirmed his convictions by per curiam order in *State v. Henningfeld*, 233 S.W.3d 766 (Mo. App. E.D. 2007).

Movant subsequently filed a *pro se* 29.15 motion for post-conviction relief alleging several claims of ineffective assistance of counsel. An amended motion was filed by appointed counsel. Following an evidentiary hearing, the motion court issued its judgment denying Movant's motion for post-conviction relief. Movant appeals.

**Standard of Review**

Appellate review of the denial of a Rule 29.15 motion is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly

3

erroneous. *Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009). The motion court's judgment is clearly erroneous only if, after a review of the record, we are left with the definite and firm impression that a mistake has been made. *Worthington v. State*, 166 S.W.3d 566, 572 (Mo. banc 2005). The motion court's findings are presumed correct. *Id.*

To establish ineffective assistance of counsel, the movant must prove by a preponderance of the evidence that: (1) counsel failed to exercise the level of skill and diligence of a reasonably competent attorney; and (2) that he was thereby prejudiced. *Zink*, 278 S.W.3d at 175 (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). To show prejudice, the movant must show that but for counsel's errors, there is a reasonable probability that the outcome of the trial would have been different. *Zink*, 278 S.W.3d at 176.

### Discussion

### *Point I: Cross-Examination Testimony*

In his first point, Movant contends that his trial counsel was ineffective for failing to present evidence of Victim's animus towards Movant to show that Victim was motivated to fabricate the allegations. Specifically, Movant complains that his attorney failed to elicit testimony from defense witness James Parker, and from Victim during cross-examination, that Victim was upset because Movant refused to loan him money to pay off a drug debt.

In response, the State asserts that the motion court did not clearly err in denying this claim because notwithstanding the trial court's pretrial ruling to exclude any evidence concerning the alleged drug debt, Movant failed to show that his trial counsel

did not make a reasonable strategic decision not to attempt to elicit such evidence. The State also contends that, given the overwhelming evidence of Movant's guilt, he failed to demonstrate any prejudice. We agree.

The extent of cross-examination is generally a matter of trial strategy. *Rios v. State*, 368 S.W.3d 301, 310 (Mo. App. W.D. 2012). With regard to a claim of ineffectiveness, the question is not whether trial counsel could have or should have made a different decision, but rather whether counsel's decision was reasonable under the circumstances. *Henderson v. State*, 111 S.W.3d 537, 540 (Mo. App. W.D. 2003).

In its judgment denying post-conviction relief, the motion court concluded that trial counsel was not ineffective in his efforts to present evidence regarding Victim's animus toward Movant. In reaching this conclusion, the motion court found that defense counsel had made repeated attempts to get permission from the trial court to present such evidence. The motion court also noted that defense counsel had cross-examined Victim at length, challenging both his credibility and version of the events. In addition, the motion court found that defense counsel presented two alibi witnesses on Movant's behalf.

The record supports the motion court's findings. At the evidentiary hearing, trial counsel testified that he made repeated attempts to offer evidence concerning Victim's animus toward Movant, including making an offer of proof at trial. Notwithstanding the trial court's previous ruling to exclude any evidence of bad acts by Victim, defense counsel made reasonable efforts to offer evidence concerning Victim's animus toward Movant. When the State moved to exclude the evidence prior to trial, defense counsel

5

objected and argued that he should be allowed to present evidence to show that Victim had a motive to fabricate the assault allegations because he was angry with Movant for refusing to loan him money to pay off a drug debt.[1]  In addition, on cross-examination, defense counsel challenged Victim's credibility and account of events.

Even assuming *arguendo*, that Parker had been allowed to testify that Victim was upset with Movant, there is no reasonable probability that the outcome of the trial would have been different.  The State presented overwhelming evidence of Movant's guilt at trial.  In addition to Victim's testimony, the jury heard testimony from one of the co-perpetrators who corroborated Victim's account of the crimes.  There was also DNA and other physical evidence connecting Movant to the crimes.  Point I is denied.

### Point II: Failure to Raise Claim in Motion for New Trial

In his second point, Movant argues that his defense counsel was ineffective for failing to assert a claim in his motion for new trial regarding the State's impeachment of defense witness James Parker, and thus, failing to preserve the issue for appellate review. Specifically, Movant claims the trial court erred by allowing the State to impeach Parker with his prior statements contained in an order of protection application filed against Movant in 1998 in an unrelated matter.[2]  Movant complains that this evidence was inadmissible and prejudicial because it contained evidence of his prior bad acts.

In response, the State asserts that Movant's argument lacks merit because a claim that trial counsel failed to adequately preserve an issue for appellate review is not

---

[1] In a pretrial deposition, Victim denied having a drug debt or being angry with Movant.
[2] The record shows that defense counsel moved to exclude evidence concerning the *ex parte* order of protection, but the trial court denied the request.  During cross-examination, and over objection, the State questioned Parker about statements contained in the protection order application.

cognizable in a Rule 29.15 proceeding. The State also points out that this claim was previously addressed and rejected by this Court on direct appeal.

In denying this claim for lack of merit, the motion court found that defense counsel had initially raised the issue of the protection order. The court also found that a new trial would not have been granted because the prejudicial effect, if any, was minimal given the remoteness in time and Parker's explanation for seeking the order. The motion court also noted that this matter was previously raised as plain error on direct appeal and rejected by this Court.

Post-conviction relief based on a claim of ineffective assistance of counsel is limited to consideration of alleged errors that denied the movant a fair trial. *Gray v. State*, 378 S.W.3d 376, 381 (Mo. App. E.D. 2012). As a general rule, post-conviction claims based on counsel's failure to adequately preserve issues for appeal are not cognizable under Rule 29.15. *McCoy v. State*, 431 S.W.3d 517, 523 (Mo. App. E.D. 2014). A Rule 29.15 motion cannot be used to obtain review of matters that were or should have been raised on direct appeal. *Id.* Thus, to the extent that Movant argues that his trial counsel's failure to raise the claim in his motion for new trial affected his ability to appeal by failing to preserve the issue for review, this claim is not cognizable. *Id.*

Moreover, as the motion court noted, Movant's claim regarding the propriety of the State's impeachment of Parker was previously addressed by this Court. On direct appeal, this Court found that the trial court did not abuse its discretion by allowing the State to use the protection order application to impeach Parker during cross-examination. As such, Movant will not now be permitted to use a post-conviction proceeding as a

7

vehicle to obtain a second appellate review of matters previously raised on direct appeal. *See State v. Strong*, 263 S.W.3d 636, 652 (Mo. banc 2008). Nor will trial counsel be deemed ineffective for failing to preserve a claim that was previously determined on direct appeal. *See Ringo v. State*, 120 S.W.3d 743, 746 (Mo. banc 2003).

Notwithstanding this Court's previous ruling rejecting Movant's claim, Movant maintains that a finding of "no plain error" does not preclude appellate review under *Strickland*. While this may be so in cases where the alleged error was outcome determinative on appeal, that is not the case here. As a general rule, a plain error claim previously reviewed and denied on direct appeal cannot be relitigated on a theory of ineffective assistance of counsel in a post-conviction proceeding. *See Shifkowski v. State*, 136 S.W.3d 588, 590-91 (Mo. App. S.D. 2004) (citation and quotation omitted). On the direct appeal in the instant case, this Court concluded that the trial court did not abuse its discretion by allowing the State to impeach Parker with the protection order application. Because this issue was decided on direct appeal, Movant is precluded from raising the claim again on this appeal. *See Ringo*, 120 S.W.3d at 746. Point II is denied.

### *Point III: Failure to Raise Claim of Instructional Error*

In his third point, Movant contends that trial counsel was ineffective for failing to object to Instruction No. 1 and request a corrected jury instruction. Specifically, Movant claims his due process rights were denied because the jury took notes during the trial

8

without being properly instructed by the trial court, as required by the Notes on Use 4 to MAI-CR3d 302.01.[3]

As an initial matter, we note that although Movant included this claim in his amended motion for post-conviction relief, the motion court did not address this claim in the "conclusions of law" section of its judgment. While the motion court issued findings of fact and conclusions of law referencing Movant's other claims of ineffective assistance of counsel, and made findings based on trial counsel's testimony at the evidentiary hearing, the court made no conclusions of law as to Movant's claim that trial counsel was ineffective for failing to object to the alleged instructional error.

Rule 29.15(j) requires the motion court to issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held. *Mitchell v. State*, 192 S.W.3d 507 (Mo. App. E.D. 2006). "There is no ambiguity in this directive and its requirements are not a mere formality." *Crews v. State*, 7 S.W.3d 563, 567 (Mo. App. E.D. 1999). While the motion court is not required to issue itemized findings and conclusions, the court's findings and conclusions must be sufficient to permit meaningful appellate review. *Id.* Moreover, we are not permitted to supplement the record by implication from the motion court's ruling. *Clayton v. State*, 164 S.W.3d 111, 115 (Mo. App. E.D. 2005) (citation omitted).

Although Rule 29.15 requires findings and conclusions for all issues presented, not every failure to enter findings or conclusions for a claim requires reversal and

---

[3] The Notes on Use 4 to MAI-CR3d 302.01 state, in pertinent part, that, "[t]he following parenthetical material must be given within Instruction No. 1 if the court allows the jurors to take notes during trial[.]" (parenthetical text omitted).

remand, as there are exceptions.[4] *See Crews*, 7 S.W.3d at 567-68. One of the exceptions is where the claim involves an issue of law, it is not necessary to make findings; however the court is still required to enter a conclusion of law. *See Muhammad v. State*, 320 S.W.3d 727, 729 (Mo. App. E.D. 2010). Here, Movant's ineffectiveness claim is based on trial counsel's failure to object to alleged instructional error, an issue of law. *See State v.* Saunders, 318 S.W.3d 734, 748 (Mo. App. W.D. 2010). The motion court was required to enter a conclusion of law on this issue. *See Melton v. State*, 260 S.W.3d 882, 885 (Mo. App. E.D. 2008) (citation omitted). Because the motion court issued no conclusions of law with respect to this claim, we remand to the motion court with directions to amend the judgment to include a conclusion of law.

### *Point IV: Ineffectiveness of Appellate Counsel*

In his final point, Movant contends that his appellate counsel was ineffective for failing to raise a plain error claim on direct appeal that the jurors were allowed to take notes without being properly instructed by the trial court. Movant claims that had appellate counsel raised this issue, this Court would have reversed his conviction and remanded the case for a new trial.

The State counters that appellate counsel cannot be found ineffective for failing to raise a plain error claim on direct appeal. The State also asserts that Movant has failed to demonstrate a reasonable probability of a different outcome on appeal. We agree.

___

[4] Other exceptions include: (1) if the motion court conducted an evidentiary hearing and no substantial evidence was presented to support the claim; (2) if the court failed to issue a proper conclusion of law on an isolated issue and it is clear that movant is entitled to no relief and will suffer no prejudice if remand is denied; (3) if the issues were not properly raised or are not cognizable in a post-conviction; and (4) if the motion was insufficient. *Muhammad*, 320 S.W.3d at 729.

As a general rule, appellate counsel will not be deemed ineffective for failing to raise an unpreserved claim of error on appeal. *Rutlin v. State*, 435 S.W.3d 126, 134 (Mo. App. E.D. 2014). This is because the failure to raise a timely objection to an alleged error preserves nothing for appellate review unless Movant's substantial rights were affected and "manifest injustice" or a "miscarriage of justice" resulted. *See Pargo v. State*, 1998 S.W.3d 685, 688 (Mo. App. S.D. 2006). Thus, in the absence of a finding that manifest injustice or a miscarriage of justice resulted, appellate counsel will not be deemed ineffective. *See id.*

At the evidentiary hearing, appellate counsel testified that she had "[n]o reason" for not raising a claim that the trial court had plainly erred by allowing the jury to take notes without being properly instructed. Appellate counsel explained that she raised the points that she believed had more obvious merit as well as claims properly preserved for review. Appellate counsel also indicated that she did not consider raising a claim of instructional error because she believed the jury had been properly instructed. In denying this claim, the motion court found that appellate counsel was not ineffective because Movant's claim of alleged instructional error was not preserved for review and that any prejudice would have been highly speculative.

Having reviewed the record, we are unable to conclude that the motion court clearly erred in determining that appellate counsel was not ineffective for failing to raise an unpreserved claim of instructional error on direct appeal. Moreover, given the overwhelming evidence of Movant's guilt presented at trial, he fails to demonstrate that

11

the alleged error resulted in a manifest injustice or miscarriage of justice. *See, e.g.*, *State v. Barnaby*, 91 S.W.3d 221, 228 (Mo. App. W.D. 2002).

## Conclusion

Accordingly, we reverse and remand to the motion court for entry of conclusions of law with respect to Movant's claim that trial counsel was ineffective for failing to object to the alleged instructional error. In all other respects, the motion court's judgment is affirmed.

_____

Philip M. Hess, Judge

Sherri B. Sullivan, P.J. and
Mary K. Hoff, J. concur.

12