**Marcus HUGHES, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**ED 104332**

Missouri Court of Appeals,
Eastern District,
**DIVISION FOUR.**

Filed: June 6, 2017

Maleaner R. Harvey, 1010 Market Street, Suite 1100, St. Louis, MO 63101, for appellant.

Joshua D. Hawley, Robert J. (Jeff) Bartholomew, PO Box 899, Jefferson City, MO 65102, for respondent.

Gary M. Gaertner, Jr., Judge

### Introduction

Marcus Hughes (Movant) appeals the denial of his motion for post-conviction relief under Rule 29.15[1] after a partial evidentiary hearing. We affirm.

### Background

A jury convicted Movant in 2014 of one count of forcible rape and one count of assault in the second degree, for events occurring in 2004. The evidence at trial

---

1. All rule references are to Mo. R. Crim. P. (2015), unless otherwise indicated.

showed that Movant met A.S. (Victim) in the early morning hours of December 4, 2004. Victim had left the bar she was at with her friends, and she was walking down the street. Victim noticed Movant following her and asked him to stop. She flagged down a cab and got into the backseat, and Movant also got into the cab. The cab driver drove them to where Victim's car was parked, and Movant asked Victim for a ride to his aunt's house "up the street." Victim agreed, but she realized as they were driving that Movant was directing her to a location farther away. She put the car in reverse, but Movant slammed it into park.

Victim thought that Movant wanted to steal her car, so she got out of the car with the keys. Movant ran toward her, and she threw the keys over a nearby fence because she did not want Movant to steal her car. Movant punched her and pulled her up a hill close to a building. Victim fell on the ground, and Movant was on top of her. He took her scarf, wrapped it around her neck, and strangled her. He pulled down her pants and underwear, pulled his own pants down, and put his penis in her vagina. He then pulled his pants up and put Victim's scarf over her eyes. He pulled her up and rubbed dirt on her vagina. He punched her again in the face, she fell, and then when she got back up, he punched her again. This happened several times, and she believed he would not stop punching her if she got back up, so she decided to hold her breath and pretend she was dead.

At some point, Victim removed the blindfold, and Movant was gone. Victim ran into the street, flagged down a car, and asked the driver to take her to the hospital. Hospital personnel performed two rape kits, and police eventually retrieved Victim's clothing from the scene. The St. Louis Police Department Crime Laboratory found seminal fluid on Victim's clothing, and boots, as well as male DNA from the swabs of Victim's genitalia, but at that time they were unable to match it to any suspect. Several years later, in May of 2011, the Combined National DNA Indexing System (CODIS) identified Movant as a match. Detective Jason Steurer thereafter compiled a photographic lineup and showed it to Victim. Victim identified Movant as the man who raped her.

The jury returned verdicts of guilty for rape and second-degree assault, and the trial court sentenced Movant as a prior and persistent offender to consecutive terms of 20 years for rape and 10 for second-degree assault, totaling 30 years' imprisonment. Movant timely filed a *pro se* motion under Rule 29.15 and later a timely amended motion through counsel, arguing both his trial counsel and his appellate counsel were ineffective. The trial court granted an evidentiary hearing on two of Movant's three claims in the motion. After the hearing, the motion court denied Movant's motion. This appeal follows.

## Discussion

Movant raises two points on appeal. First, he argues the motion court clearly erred in denying his motion after an evidentiary hearing because he established by a preponderance of the evidence that his trial counsel was ineffective for failing to cross-examine Victim regarding her prior inconsistent statements. Second, Movant argues the motion court clearly erred in denying his claim that his appellate counsel was ineffective for failing to argue on appeal that the trial court plainly erred in limiting admission of Victim's medical records to only those portions that corresponded to witness testimony. We discuss each in turn.

## Standard of Review

Our review of the denial of a Rule 29.15 motion is limited to the determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(k); Gehrke v. State, 280 S.W.3d 54, 56 (Mo. banc 2009). Findings and conclusions are clearly erroneous when the appellate court, after reviewing the entire record, is left with the definite and firm impression that a mistake has been made. Id.

Regarding Movant's claim addressed by the motion court after a hearing, under Rule 29.15(i), Movant has the burden of proving his claim by a preponderance of the evidence. In order to be entitled to relief on Movant's claims of ineffective assistance of counsel, Movant had to make two showings by a preponderance of the evidence: (1) that counsel's performance fell below the level of skill and diligence of a reasonably competent counsel in a similar situation, and (2) that Movant was prejudiced thereby. Johnson v. State, 388 S.W.3d 159, 163 (Mo. banc 2012) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)); see also Evans v. State, 70 S.W.3d 483, 485 (Mo. App. W.D. 2002) (test for ineffective assistance of appellate counsel is "essentially the same as that employed for trial counsel"). There is a strong presumption that Movant's counsel's performance was reasonable and effective. Id. If Movant fails to demonstrate either counsel's ineffective performance or prejudice, we need not consider the other. Smith v. State, 276 S.W.3d 314, 317 (Mo. App. E.D. 2008).

■ Regarding Movant's claim decided by the motion court without an evidentiary hearing, in order to be entitled to an evidentiary hearing, Movant must have alleged facts, not conclusions, that would entitle him to relief and that are not refuted by the record. Hickey v. State, 328 S.W.3d 225, 227-28 (Mo. App. E.D. 2010). The facts alleged must also establish Movant was prejudiced, meaning a reasonable probability exists that but for counsel's errors, the result of the proceeding would have been different. Id.

## Point I

■ Movant argues that the motion court clearly erred in determining his trial counsel was not ineffective for failing to cross-examine Victim at trial regarding prior inconsistent statements she made to police and hospital personnel. We disagree.

Movant alleged in his motion that Victim's testimony at trial differed from her statements reflected in the police report. He alleged that at trial, Victim testified that she got out of the car voluntarily and threw the keys, but Victim told police that Movant pulled her from the car. Movant alleged that his trial counsel should have questioned Victim regarding this inconsistency, which would have made the jury doubt Victim's credibility and would have affected the outcome of the trial.

The motion court granted an evidentiary hearing on this claim. Movant's trial counsel testified that if he did not cross-examine Movant regarding the inconsistency between her statements at the time and her trial testimony, then "it would have been oversight on [his] part." He said he would generally try to bring something like that to light, and there was no reason he did not do so in this case. On cross-examination, Counsel also acknowledged that Movant's defense was consent, and that Victim's testimony at trial was actually consistent with Movant's own testimony at trial that Victim got out of the car voluntarily.

The motion court concluded that Movant's claim was without merit because the alleged inconsistent statements would have

been prejudicial to the defense and would have undercut Movant's defense. The motion court did not clearly err in its conclusion. Movant's trial counsel testified at the hearing that it was possible that he made the decision not to ask Victim about the statements as he was listening to her testimony, that it was possible he did not remember his reason for choosing not to cross-examine Victim regarding these statements, and that it could be reasonable to let a victim's testimony stand when it was consistent with the defendant's testimony and the theory of defense.

Movant did not overcome the presumption that his trial counsel's failure to impeach Victim with prior inconsistent statements was strategic. See Barton v. State, 432 S.W.3d 741, 751 (Mo. banc 2014). Here, the prior statements were prejudicial to the defense, and counsel acknowledged it would be reasonable to let a victim's testimony stand in such a situation. In fact, trial counsel argued during closing that Victim's testimony was that she got out of the car, and counsel highlighted what Victim did not say: "She doesn't say that he's grabbing for her or pushing her out of the car, threatening her. She doesn't say he has a knife, a gun or any kind of weapon. She hasn't said at that point that he's threatened her life or anything like that."

■ Moreover, Movant failed to demonstrate that the outcome of his trial would have been different had his trial counsel attacked Victim's credibility with this detail of the crime. Movant's trial counsel did cross-examine Victim regarding other inconsistencies between her testimony and the police report including how much taller Movant was than Victim and which street she was walking down when Movant began following her. There is no reasonable probability that bringing out her prior statements that Movant dragged her from the car as inconsistent with her testimony that

she exited the car voluntarily would have changed the outcome of the trial.

Thus, Movant failed to establish by a preponderance of the evidence at the hearing that his trial counsel was ineffective and that he was prejudiced thereby. See Johnson, 388 S.W.3d at 163. The motion court did not clearly err in denying Movant's motion in this respect. Point denied.

## Point II

Movant argues the motion court clearly erred in denying his claim, without an evidentiary hearing, that Movant's appellate counsel was ineffective for failing to argue on appeal that the trial court erred in limiting admission of Victim's medical records to only those portions about which witnesses testified during trial. Movant alleged the claim was preserved and that had Movant's appellate counsel raised the issue on appeal, this Court would have reversed Movant's convictions, We disagree.

■ First, the record refutes Movant's claim that his argument was preserved. At trial, the State submitted Victim's medical records as evidence. Movant's trial counsel said he had no objection, and the trial court responded, "The Court will admit the medical records to the extent that testimony has been given." Movant's counsel did not respond. Later, during Movant's counsel's closing argument, counsel urged the jury to look at the medical records and see that there was no evidence of injury to Victim's genitalia. The trial court interrupted counsel, noting that the records were admitted "only to the extent that they were testified to." Counsel replied, "Thank you, your Honor." Though Movant's motion for new trial included a claim that the trial court erred in limiting the admission of Victim's medical records, counsel never made an objection during trial. Thus, this issue was not preserved

for appeal and could only have been reviewed for plain error. See State v. Walter, 479 S.W.3d 118, 123 (Mo. banc 2016) (including claim of error in motion for new trial that was not raised during trial does not preserve error for review).

 Movant does not argue that his trial counsel was ineffective for failing to object to the limiting of this evidence, for failing to question witnesses regarding injury to Victim's genitalia so that the jury could view the records regarding such injury, or for failing to argue that there was no testimony regarding any injury to Victim's genitalia. Rather, Movant argues that his appellate counsel was ineffective for failing to request plain error review of this issue.

Appellate counsel is generally not deemed ineffective for failing to raise an unpreserved claim of error on appeal. Henningfeld v. State, 451 S.W.3d 343, 350 (Mo. App. E.D. 2014). Because plain error review consists in finding Movant's substantial rights were affected and manifest injustice or a miscarriage of justice resulted, Movant had to allege unrefuted facts showing such result. Id. Here, he has not. There was ample evidence of injuries to Victim's face and neck, consistent with being strangled and punched in the face, as well as testimony from the person who drove Victim to the hospital that Victim had run into the street, bloodied and wearing no pants or underwear, claiming she had been raped and begging to be taken to the hospital. The jury did not have evidence before it of any injury to Victim's genitalia, but the jury nevertheless convicted Movant. There is no indication of manifest injustice or a miscarriage of justice due to Movant's counsel's inability to be able to highlight this fact to the jury.

Movant failed to allege unrefuted facts that his appellate counsel rendered ineffective assistance or that Movant was preju-diced. Thus, the motion court did not clearly err in denying Movant's motion in this respect without an evidentiary hearing. Point denied.

## Conclusion

The judgment of the motion court is affirmed.

James M. Dowd, P.J., concurs.

Kurt S. Odenwald, J., concurs.