Trial And Sentencing
On August 13 2010, Goodwater was indicted by a grand jury with nineteen counts of the class B felony of possession of a child pornography video and one count of the class C felony of possession of a single photograph of child pornography pursuant to section 573.037.[3] A jury trial was held from May 2 through May 4, 2012. During trial, Goodwater acknowledged that the DVDs and hard drives that contained the child pornography were his. Goodwater further testified that he did not know there was child pornography on the DVDs and computers in his house and never told Officer Ryun that he did. Goodwater testified that he is a multimedia hoarder, regularly did bulk downloads, and did not feel he could delete or throw away what he had downloaded.
During rebuttal closing argument the State argued:
He has had twenty-six months to figure out a way to get back whatever he said. He has had twenty six months to change what the Detective told you he said to him when he turned that recorder off ... Really? He had two years to try to come up with something that he thought maybe you folks would buy.
Trial counsel did not object to this statement or any other statement during the State's closing argument.
The jury convicted Goodwater of all counts. Goodwater waived jury sentencing and was sentenced by the trial court.
At the sentencing hearing, Goodwater's counsel attempted to mitigate his bad acts by stating that "granted, these are not images that anyone should see or images that anyone should have produced, but Goodwater did not produce these images." In response to this argument, the trial court stated that "the problem this Court *51 has is that when one possesses child pornography, one promotes child pornography. When you possess it, you promote it. In other words, if there was no market, there would be no production." There was no objection to these statements.
The sentencing assessment report ("SAR") provided a mitigating sentence of "community structured sentence," a typical sentence of "5 years prison" and an aggravated sentence of "8 years to 15 years prison." The State recommended a total sentence of thirty-seven years in the Department of Corrections. Prior to sentencing, Goodwater's trial counsel stated:
I'm not certain why the State has that recommendation today. I am not certain why the State wants to punish him more than what they did before the plea or before the trial. I think everyone is entitled to their day in court. In fact, if someone takes their day in court that should not somehow enhance their punishment.
The trial court responded by stating:
Okay. Well, as the State pointed out, these young victims are violated every time these images are viewed or displayed. The jury had to view numerous images and films so upsetting and so vulgar, the only way this Court could attempt to describe those images is to say it was like viewing hell on Earth. I mean, the English language doesn't obviously doesn't contain the words this Court needs to express its absolute and total disgust and outrage when viewing the material, and for those reasons, the Court can't follow the SAR.
There was no objection by Goodwater's trial counsel to this statement. The sentencing court sentenced Goodwater to a total of twenty-five years' incarceration.
Goodwater timely appealed his conviction to this Court. His appellate counsel raised one claim, alleging that the trial court abused its discretion in excluding eleven witnesses whose computers Goodwater had repaired. This Court affirmed the trial court's judgment in a per curiam opinion, State v. Goodwater , 414 S.W.3d 675, 676 (Mo. App. W.D. 2013).
Evidentiary Hearing on the Rule 29.15 Motion
Goodwater timely filed his Rule 29.15 motion. He raised nine claims, three of which were raised against both appellate and trial counsel.
As relevant to this appeal, in his motion claims 8/9(a) and 8/9(b), Goodwater alleged appellate and trial counsel respectively failed to raise on appeal and object to the trial court's sentencing Goodwater more harshly because he had exercised his right to a jury trial. In claims 8/9(c) and 8/9(d), Goodwater alleged appellate and trial counsel respectively failed to raise on appeal and object to the trial court's sentencing Goodwater more harshly because the trial court in this case always considers the crime of possessing child pornography to include the production of child pornography. In claim 8/9(e), Goodwater alleged trial counsel failed to object to the State's closing argument that Goodwater "had two years to try to come up with something." In claims 8/9(f) and 8/9(g), Goodwater alleged appellate and trial counsel respectively failed to raise on appeal and object to Goodwater's twenty child pornography convictions on double jeopardy and unit of prosecution grounds.
An evidentiary hearing on the motion was held on January 19, 2017. During the hearing, Goodwater's trial counsel testified that he could not recall why he did or did not do anything concerning the trial court's comments during sentencing. Trial counsel testified that after being read the comments at the hearing, he believed the *52 trial court was expressing its disgust at what he himself viewed and therefore the comment was not objectionable. Trial counsel said that he did not personally feel at the time of sentencing that the trial court enhanced punishment because Goodwater had exercised his right to a jury trial. Trial counsel testified that his perception was informed by his personal knowledge of the trial judge. Trial counsel said that he would have objected if he thought the trial court was improperly considering some factor.
Trial counsel further testified that he was unable to articulate a reason for not objecting to the trial court's statement regarding possession of child pornography being equivalent to promoting child pornography. Trial counsel went on to testify that "I can tell you what the Court was indicating there I don't believe there was something objectionable, but you may believe different and maybe I should have."
Trial counsel testified that he remembered a conversation about State v. Liberty , 370 S.W.3d 537 (Mo. banc 2012) in relation to the unit of prosecution prior to sentencing. Trial counsel testified that he believed that under the statute, each video that Goodwater possessed would be treated separately for enhancement purposes.
Trial counsel also testified that in retrospect, he maybe should have objected to the State's arguments regarding the time Goodwater had to make up a new story. Trial counsel testified that a jury will sometimes get mad when objections are made during closing argument. Trial counsel stated that it was one of his trial strategies to be very cautious about when to object during closing arguments.
During the hearing Goodwater's appellate counsel also testified. She testified that she did not identify retaliatory sentencing as a potential claim on direct appeal. Appellate counsel testified that she should have raised it and would have if she had identified it as a potential claim. She acknowledged that the trial court could have imposed the same sentences based on its own disgust at the images and could have done so even had Goodwater opted for a bench trial instead of a jury trial. Appellate counsel testified that she would have had no problem raising the issue as a claim of plain error if she had identified it as a valid claim.
Appellate counsel further testified at the evidentiary hearing that she did not identify the trial court's remarks regarding promotion of child pornography as the basis for a potential claim on direct appeal. She testified that it would have been a novel claim, but one that would potentially have had merit. Appellate counsel said that she would have raised the claim had she identified it as a potential issue. She testified on cross-examination that she had never seen a claim like that before. Appellate counsel testified on redirect that if the trial court's comments did not seem right to her, even if she could not identify a legal basis for that feeling, she would have researched the issue and discussed it with colleagues.
Appellate counsel testified that she did not identify the double jeopardy issue as a potential claim on direct appeal. She testified that it should have been raised. Appellate counsel acknowledged that the success of such a claim would have depended on how the appellate court interpreted the unit of prosecution under the statute. She testified that the sentencing issue did not seem right to her after she read the amended Rule 29.15 motion, but that the issue did not dawn on her when she read the trial transcript and legal file.
The motion court denied all of Goodwater's claims. In this case the judge who presided over the trial was the same judge who heard the motion in this matter. The *53 motion court found that the record did not indicate that the trial court enhanced Goodwater's sentence based on his decision to exercise his constitutional right to a trial. The motion court found the sentence was justified by other reasons and there was no direct connection between any comments related to the viewing of the pornographic evidence at trial and the court's ultimate sentence. Regarding claims 8/9(c) and 8/9(d), the court found its statements were merely responding to statements Goodwater's trial counsel had made and Goodwater's sentence was not the maximum available and was less than recommended by the State. Regarding claims 8/9(e), the motion court found trial counsel had a sound strategy of not wanting to irritate the jury with too many objections during closing argument. Regarding claims 8/9(f) and 8/9(g), the motion court found that the current version of the child pornography statute makes it clear that "[a] person who has committed the offense of possession of child pornography is subject to separate punishments for each item of child pornography or obscene material possessed by the person".
This timely appeal followed.
Standard of Review
"This Court will affirm the judgment of the motion court unless its findings and conclusions are clearly erroneous." Johnson v. State , 406 S.W.3d 892, 898 (Mo. banc 2013). "The motion court's judgment is clearly erroneous only if this Court is left with a definite and firm impression that a mistake has been made." Id. "The motion court's findings are presumed correct[.]" Id.
"To be entitled to post-conviction relief for ineffective assistance of counsel, a movant must show by a preponderance of the evidence that his or her trial counsel failed to meet the Strickland test in order to prove his or her claims." Id. "Under Strickland, a movant must demonstrate that: (1) his or her counsel failed to exercise the level of skill and diligence that a reasonably competent counsel would in a similar situation, and (2) he or she was prejudiced by that failure." Id. at 898-99.
"A movant must overcome the strong presumption that counsel's conduct was reasonable and effective." Id. at 899. "To overcome this presumption, a movant must identify 'specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance.' " Id. (quoting Zink v. State , 278 S.W.3d 170, 176 (Mo. banc 2009) ). "Trial strategy decisions may be a basis for ineffective counsel only if that decision was unreasonable." Id. "[S]trategic choices made after a thorough investigation of the law and the facts relevant to plausible opinions are virtually unchallengeable...." Anderson v. State , 196 S.W.3d 28, 33 (Mo. banc 2006).
The movant must also prove prejudice, which occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Johnson , 406 S.W.3d at 899.
Analysis
Goodwater raises seven points on appeal. In Goodwater's first point on appeal, he argues that the motion court erred in denying his Rule 29.15 motion because appellate counsel was ineffective for not raising a claim of error on direct appeal regarding the trial court's allegedly retaliatory sentencing. In Goodwater's second point on appeal, he argues that the motion court erred in denying his Rule 29.15 motion because trial counsel was ineffective for failing to object to the trial court's allegedly retaliatory sentencing. In Point *54 Three, Goodwater argues that the motion court erred in denying his Rule 29.15 motion because appellate counsel was ineffective for failing to raise a claim based on the trial court considering possession of child pornography as an automatic aggravation to promotion of child pornography. In Point Four, Goodwater argues that the motion court erred in denying his Rule 29.15 motion because trial counsel was ineffective for failing to object to the trial court considering possession of child pornography as an automatic aggravation to promotion of child pornography. In Point Five, Goodwater argues that the motion court erred in denying his Rule 29.15 motion because appellate counsel was ineffective for failing to raise a claim based on double jeopardy and the unit of prosecution. In his sixth point on appeal, Goodwater argues that the motion court erred in denying his Rule 29.15 motion because trial counsel was ineffective for failing to object or file a motion to dismiss certain counts based on double jeopardy and unit of prosecution. In Point Seven, Goodwater argues that the motion court erred in denying his Rule 29.15 motion because the motion court used an incorrect standard to determine if trial counsel's trial strategy of not objecting to the State's closing argument regarding Goodwater's silence was reasonable.
Point One
Goodwater argues in his first point on appeal that the motion court clearly erred in denying his Rule 29.15 motion because appellate counsel was ineffective for failing to raise as a claim that the trial court punished Goodwater for exercising his constitutional right to trial. Goodwater argues that the trial court's comments prior to sentencing showed that there was a direct link between the sentence he received and his exercise of his right to trial. Goodwater argues that appellate counsel failed to exercise the customary skill and diligence of a reasonably competent attorney and this resulted in Goodwater's appeal being denied.
"As a general rule, appellate counsel will not be deemed ineffective for failing to raise an unpreserved claim of error on appeal." Henningfeld v. State , 451 S.W.3d 343, 350 (Mo. App. E.D. 2014). This is due to the fact that failing "to raise a timely objection to an alleged error preserves nothing for appellate review unless the [m]ovant's substantial rights were affected and 'manifest injustice' or a 'miscarriage of justice' resulted." Id. "[I]n the absence of a finding that manifest injustice or a miscarriage of justice resulted, appellate counsel will not be deemed ineffective." Id.
At the evidentiary hearing, appellate counsel testified that at the time she had not recognized it as a claim but should have raised it. She testified that had she recognized the claim, she would have had no problem raising it even under plain error review. In denying this claim, the motion court found that appellate counsel was not ineffective and the sentence given to Goodwater was based on other reasons and not based on Goodwater's decision to go to trial. After reviewing the record, we find no manifest injustice or miscarriage of justice resulted because the record does not demonstrate that such a claim would have been successful on appeal.
"Constitutionally, a court is prohibited from using the sentencing process to punish a defendant who chose[s] to exercise his or her right to proceed to trial." Greer v. State , 406 S.W.3d 100, 108 (Mo. App. E.D. 2013) (citing State v. Wright , 998 S.W.2d 78, 83 (Mo. App. W.D. 1999) abrogated on other grounds). "Any enhancement of a defendant's sentence based on this fact would improperly punish a *55 defendant for exercising his or her right to a full and fair trial to a jury." Vickers v. State , 17 S.W.3d 632, 634 (Mo. App. S.D. 2000).
"[N]o constitutional violation occur[s] if there were other reasons which also caused the court to impose the same sentence, so that the comment on the fact defendant went to trial was not determinative." Wright , 998 S.W.2d at 83. "[I]f a defendant's exercise of a constitutional right was an actual factor considered by the sentencing court in imposing sentencing, then the exercise of the right was a "determinative factor" in sentencing, and retaliation has been demonstrated, even if other factors could have been relied on by the trial court to support the same sentence." Taylor v. State , 392 S.W.3d 477, 488 (Mo. App. W.D. 2012).
"[O]nce it appears in the record that the sentencing court has taken into consideration a defendant's exercise of his constitutional right to proceed to trial, the record must show that no improper weight was given the refusal to plead guilty." Greer , 406 S.W.3d at 111. "In such a case, the record must affirmatively demonstrate that the sentencing court sentenced the defendant upon the facts of his case and his personal history, not as punishment for his refusal to plead guilty." Id.
The comments made by the trial court affirmatively show that the trial court's sentence was based upon the highly disturbing nature of the images possessed by Goodwater. While the trial court referenced the re-victimization of the children that occurred every time the images were viewed, the trial court made clear that its sentence was based on the grotesque nature of the images when it stated that "the only way this Court could attempt to describe those images is to say it was like viewing hell on Earth" and "the English language obviously doesn't contain the words this Court needs to express its absolute and total disgust and outrage when viewing the material." Further, in this case the trial judge and the judge who conducted the PCR hearing were the same. Special deference is given when the PCR judge and the trial judge are the same. See Noland v. State , 413 S.W.3d 684, 687 (Mo. App. S.D. 2013) ; Joos v. State , 277 S.W.3d 802, 804 (Mo. App. S.D. 2013). The record affirmatively demonstrates that the trial court sentenced Goodwater based upon the disturbing nature of the child pornography, not as a punishment for him exercising his right to trial.
Goodwater was sentenced to twenty-five years in prison based on his conviction for 20 separate felony charges. Goodwater faced the potential of a sentence of over 290 years. The State recommended a sentence of 37 years. This record does not support a conclusion that the trial court enhanced the sentence based on Goodwater's choice to go to trial.
Appellate counsel was not ineffective for failing to raise an unpreserved claim of retaliatory sentencing on direct appeal. Point One is denied.
Point Two
Goodwater argues in his second point on appeal that the motion court clearly erred in denying his Rule 29.15 motion because trial counsel was ineffective for failing to object to the trial court's statements which indicated retaliatory sentencing. Goodwater argues that trial court's comments prior to sentencing showed that there was a direct link between the sentence he received and his exercise of his right to trial. Goodwater argues that trial counsel's failure to object was not a reasonable trial strategy and resulted in Goodwater receiving a longer sentence.
*56 "Ineffective assistance of counsel is rarely found in cases where trial counsel has failed to object." Bradley v. State , 292 S.W.3d 561, 564 (Mo. App. E.D. 2009). "The movant must prove that a failure to object was not strategic and that the failure to object was prejudicial." Goudeau v. State , 152 S.W.3d 411, 418 (Mo. App. S.D. 2005). "If trial counsel's failure to object is based on reasonable trial strategy, the movant cannot demonstrate counsel was ineffective." Bradley , 292 S.W.3d at 564.
Goodwater's trial counsel testified at the evidentiary hearing that he did not know why he did or did not object to the statements. The record does not indicate that trial counsel had a strategic reason for failing to object. However, the record does not demonstrate that Goodwater was prejudiced by trial counsel's failure to object as the objection would not have been well taken. Trial counsel testified that after being read the trial court's comments from the transcript that he believed the trial court was expressing its disgust at what the judge himself viewed and therefore the comment was not objectionable. Trial counsel said that he did not personally feel at the time of sentencing that the trial court enhanced punishment because Goodwater had exercised his right to a trial. Trial counsel testified that his perception was informed by his personal knowledge of the trial judge. Trial counsel said that he would have objected if he thought the trial court was improperly considering some factor.
As stated in Point One, the record affirmatively demonstrates that the trial court sentenced Goodwater based upon the disturbing nature of the child pornography, not as a punishment for him refusing to plead guilty. See Supra Point One; Greer , 406 S.W.3d at 111. Goodwater was not prejudiced by trial counsel's failure to object because Goodwater's sentence was not based on his exercise of his right to trial and, therefore he received the same sentence he would have if such an objection had been made. See Johnson , 406 S.W.3d at 899 (prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). The motion court did not clearly err in determining that Goodwater's trial counsel was not ineffective for failing to object to the sentencing court's statements which did not demonstrate retaliatory sentencing. Point Two is denied.
Point Three
In Goodwater's third point on appeal, he argues that appellate counsel was ineffective for failing to raise as a claim the sentencing court's automatic aggravation of his possession of child pornography charges to promotion of child pornography charges. Goodwater argues that the trial court made clear that it always considers possession of child pornography to necessarily include the promotion of child pornography. Goodwater argues that the trial court's automatic aggravation of a sentence violates the separation of powers and the requirement of individualized sentencing. Goodwater argues that appellate counsel failed to exercise the customary skill and diligence of a reasonably competent attorney and resulted in denying Goodwater an opportunity for resentencing.
The basis of this claim is that when Goodwater's trial counsel argued at sentencing that these images are not something anyone should have produced, but made the point that Goodwater did not produce the images in question. In response the trial court stated "the problem this Court has is that when someone possesses child pornography, one promotes child pornography. When you possess it, *57 you promote it. In other words, if there was no market, there would be no production." No objection was raised to this statement.
Once again, this was an unpreserved claim of error which will rarely be determined to be ineffective by appellate counsel. Henningfeld , 451 S.W.3d at 350.
At the evidentiary hearing, appellate counsel testified that she did not recognize the trial court's statements as a claim of error and that such a claim of error would have been novel. Appellate counsel testified that she had not previously seen this type of claim. The statements by the sentencing court were not an aggravation of Goodwater's charges but rather a statement of disagreement with Goodwater's trial counsel's argument for a mitigation of sentence. Trial counsel was attempting to mitigate Goodwater's behavior by making the point that he was not the one who actually forced the children depicted in the images to endure such violence. The trial court was responding by making the point that if no one wanted these disturbing images then the producers would have no market for their materials and would not force these children into such horrible acts. The claim Goodwater now claims appellate counsel should have raised was not obvious. See Tisius v. State , 183 S.W.3d 207, 215 (Mo. banc 2006) ("To prevail on a claim of ineffective assistance of appellate counsel, the movant must establish that counsel failed to raise a claim of error that was so obvious that a competent and effective lawyer would have recognized and asserted it.")(emphasis added).
Further, Goodwater did not suffer a manifest injustice from appellate counsel failing to raise such a claim on appeal because the sentencing court was merely articulating that it was unpersuaded by trial counsel's argument; i.e. because Goodwater only possessed child pornography his sentence should be mitigated. In an attempt to mitigate his sentence, Goodwater's trial counsel argued that while the images were terrible, Goodwater was not the one who produced or created them so he did not directly hurt these children. In response to Goodwater's argument for a mitigation of sentence, the trial court responded that possessing child pornography results in demand for child pornography, which causes the production of more child pornography to meet that demand. Therefore solely by being a customer of these materials Goodwater was creating a demand for more children to be victimized. The trial court was articulating that it was unpersuaded by trial counsel's argument that because he only possessed child pornography, the crime he was convicted of, his sentence should be mitigated. There is nothing in the record to demonstrate that the trial court believed that possession of child pornography was the same crime as promotion of child pornography in relation to an enhanced sentence. Even if an objection had been raised to the trial court's comments, it would not have been well taken.
The motion court did not err in determining that appellate counsel was not ineffective for failing to raise this unpreserved claim of error on direct appeal. See Tisius , 183 S.W.3d at 215 ("The claimed error must have been sufficiently serious to create a reasonable probability that, if it was raised, the outcome of the appeal would have been different."). Point Three is denied.
Point Four
In Goodwater's fourth point on appeal, he argues that trial counsel was ineffective for failing to object to the trial court for its automatic aggravation of his possession of child pornography charges to *58 promotion of child pornography charges. Goodwater argues that the trial court made clear that it always considers possession of child pornography to necessarily include the promotion of child pornography. Goodwater argues that the trial court's automatic aggravation of a sentence violates the separation of powers (i.e. the legislative branch of government defines crimes and determines the range of punishment) and the requirement of individualized sentencing. Goodwater argues that trial counsel failed to exercise customary skill and diligence of a reasonably competent attorney and resulted in him receiving an enhanced sentence.
At the evidentiary hearing, trial counsel testified that he was unable to articulate a reason why he did not object to the statements but did not believe that the statements made were objectionable. That alone suggests a strategic reason for failing to make an objection. But even if trial counsel's testimony is construed to mean he did not have a strategic reason for failing to make an objection, the record does not demonstrate that an objection would have been meritorious or that Goodwater was prejudiced by trial counsel's failure to object.
As stated by Point Three supra there is nothing in the record to demonstrate that the trial court believed that the charge of possession of child pornography was the same as the charge of promotion of child pornography resulting in the trial court automatically enhancing his sentence. Goodwater was not prejudiced by trial counsel's failure to object because the trial court did not automatically aggravate Goodwater's charge but instead was responding to trial counsel's argument for mitigation of his sentence. See Johnson , 406 S.W.3d at 899. Thus, the motion court did not clearly err in denying the claim and Point Four is denied.
Point Five
In Goodwater's fifth point on appeal, he argues that the motion court erred in denying his Rule 29.15 motion because appellate counsel was ineffective for not raising a claim of double jeopardy on direct appeal. Goodwater argues that a unit of prosecution under the version of section 573.037 in effect at the time he committed these offenses was based on each transaction, not each possession. Goodwater argues that each charge was limited by each transaction and there was only evidence of two mass downloads. Therefore, he argues it was a violation of his right against double jeopardy to be charged with 20 offenses rather than two. Goodwater argues that appellate counsel failed to exercise customary skill and diligence of a reasonably competent attorney when she failed to raise double jeopardy as a claim of error and this resulted in denying Goodwater relief on appeal.
"[A] defendant must be tried for the offense as defined by the law that existed at the time of the offense." State v. Pierce , 433 S.W.3d 424, 427 n.1 (Mo. banc 2014) ; Section 1.160. Goodwater argues that pursuant to State v. Liberty , 370 S.W.3d 537 (Mo. banc 2012) he committed one offense because the evidence only established a single instance of possessing a series of illegal items. Section 573.037 in effect at the time the offenses stated:
1. A person commits the crime of possession of child pornography if such person knowingly or recklessly possess any child pornography of a minor under the age of eighteen or obscene material portraying what appears to be a minor under the age of eighteen.
2. Possession of child pornography is a class C felony unless the person possesses more than twenty still images of child pornography, possesses one motion picture, *59 film, videotape, videotape production, or other moving image of child pornography or has pleaded guilty to or has been found guilty of an offense under this section, in which case it is a class B felony.[4]
In State v. Liberty , 370 S.W.3d 537 (Mo. banc 2012), our Supreme Court determined that the version of section 573.037 applicable to the offenses in that case, which described the crime of possession of child pornography as possession of "any" obscene material, was ambiguous in defining a unit of prosecution, creating double jeopardy concerns. Id. at 547-48. However, the Court contrasted the version of section 573.037 it was construing with the 2008 amendment to the statute, and specifically the amendment to subsection 2 of the statute. The 2008 amendment to subsection 2 of section 573.037 was not further amended by the 2009 amendment to section 573.037--the version of the statute applicable to Goodwater's offenses. In Liberty , the Supreme Court found that section 573.037.2's reference to possession of "more than twenty still images of child pornography" reflects clear evidence that the legislature intended "possession of 20 or more proscribed images" to constitute a single unit of prosecution. Id. at 552. Analogously, section 573.037.2's reference to possession of "one motion picture, film, videotape, videotaped production, or other moving image of child pornography" reflects clear evidence that the legislature intended each such item to constitute a single unit of prosecution. See id. at 552-53 (referring to the "statute's explicit statement that possession of only a single motion picture is a felony"). Goodwater was charged with and convicted of possession of a single still photograph and of nineteen video images. A claim of double jeopardy as Goodwater is suggesting would not have been a meritorious claim on appeal. No manifest injustice or miscarriage of justice arose from appellate counsel's failure to bring a non-meritorious claim on appeal. Glover v. State, 225 S.W.3d 425, 429 (Mo. banc 2007).
The motion court did not clearly err in denying this claim and Point Five is denied.
Point Six
In Goodwater's sixth point on appeal, he argues that the motion court erred in denying his Rule 29.15 motion because trial counsel was ineffective for not objecting to Goodwater's sentencing on double jeopardy grounds. Goodwater argues that the unit of prosecution under section 573.037 in effect during the time he committed the offenses was based on each transaction, not each possession. Goodwater argues that since it was based on each transaction and there were only two downloads, it was a violation of his rights against double jeopardy to be charged with twenty separate offenses. Goodwater argues that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney when he failed to object at sentencing to Goodwater's charges and this resulted in Goodwater being sentenced in violation of his freedom from double jeopardy.
As stated in Point Five, section 573.037.2 describes units of prosecution consistent with Goodwater's convictions. See Supra Point Five. Goodwater was not prejudiced by his trial counsel's failure to object because such an objection would not have been meritorious. See *60 Johnson , 406 S.W.3d at 899 (prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). The motion court did not clearly err in determining that trial counsel was not ineffective on this point. Point Six is denied.
Point Seven
In his seventh point on appeal, Goodwater argues that the motion court erred in denying is Rule 29.15 motion because the motion court used the wrong standard of review when determining whether his trial counsel was ineffective for not objecting to the State's closing argument.
In its rebuttal closing argument the State stated that Goodwater had "twenty-six months to figure out a way to get back whatever he said. He has had twenty-six months to change what the Detective told you he said to him when he turned that recorder off ... Really? He had two years to try to come up with something that he thought maybe you folks would buy." Goodwater argues that the motion court did not determine if trial counsel's strategy not to object to this argument was reasonable, it only determined that it was trial counsel's strategy to not object during closing argument. Goodwater argues that trial counsel should have objected to the State's comments during closing argument because the argument commented on Goodwater's post-arrest, post-Miranda silence and that the failure to object was not reasonable.
First, we disagree with Goodwater's position that this was in fact a comment on his post-arrest, post-Miranda silence. The testimony from Detective Ryun was that when the pornographic images were found on Goodwater's computer, that Goodwater asked Detective Ryun to turn off the recording device but continued to talk to Detective Ryun. Goodwater told Detective Ryun that he knew that there was child pornography on his computer. Goodwater said that he did not use the pornography for sexual pleasure and that most of the files were downloaded accidentally and he just did not delete them. Goodwater told Detective Ryun that the files could be found stored in a file that he created that was labeled "illegal." However, at trial Goodwater denied making these statements to Detective Ryun and testified that the DVDs and hard drives that contained the child pornography were his but he did not knowingly download child pornography. He denied that he ever told Detective Ryun that he was aware of there being child pornography on the computer mediums found in his home. Goodwater testified that he is a multimedia hoarder, regularly did bulk downloads, and did not feel he could delete or throw away what he had downloaded. The State's rebuttal argument was merely calling into question the credibility of Goodwater's trial testimony when compared to the testimony of Detective Ryun regarding Goodwater's statements at the time of his arrest. The State's argument did not constitute a comment on Goodwater's silence and did not violate any provision of Miranda or its progeny.
Second, while the motion court may not have used the word "reasonable" in this section of its judgment discussing trial counsel's strategy in failing to object to this closing argument, the court did provide the proper standard of review for this claim within the judgment. In the section of the judgment regarding trial counsel's failure to call Goodwater's wife as a witness, the motion court said it was a reasonable trial strategy by trial counsel not to do so. Trial counsel testified that not objecting during closing argument was one of his trial strategies as to avoid irritating *61 the jury with his objections, which is generally viewed as a reasonable trial strategy. See State v. Tokar , 918 S.W.2d 753, 768 (Mo. banc 1996) ("It is feared that frequent objections irritate the jury and highlight the statements complained of, resulting in more harm than good."). There is nothing in the record to demonstrate that the motion court suddenly abandoned the appropriate standard of review for the analysis of this one issue, when the motion court laid out the proper standard in its judgment and used it throughout.
In addition, irrespective of the strategy in failing to object to this argument, such an objection would not have been meritorious. Barton v. State, 432 S.W.3d 741, 754 (Mo. banc 2014). Point Seven is denied.
Conclusion
The motion court did not clearly err in overruling Goodwater's Rule 29.15 motion for post-conviction relief. The judgment is affirmed.
All concur

Statutory references are to RSMo. (2000) as amended through January 2010.

The statute Goodwater was charged under has been subsequently amended. However, our analysis is limited to the statute in effect at the time of offense. See State v. Pierce , 433 S.W.3d at 427 n.1.