

# Missouri Court of Appeals

## Southern District

### Division One

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD32772 and SD32773 |
| | ) | Consolidated |
| JOSEPH WILLIE PROBY, | ) | |
| | ) | FILED: July 28, 2014 |
| Appellant. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF NEW MADRID COUNTY

Honorable Fred Copeland, Judge

## AFFIRMED

A jury found Joe Proby guilty of victimizing a Wal-Mart store – four burglaries and four thefts during 2012. He complains that trial references to his 2009 thefts from the same store were "not legally relevant" in that "the probative value of the evidence was outweighed by its prejudicial effect."

An accused's prior misconduct, while not admissible to show propensity, is admissible if otherwise relevant both *logically* (tends to show guilt) and *legally*

(probative value outweighs prejudicial effect). ***State v. Bernard***, 849 S.W.2d 10, 13 (Mo. banc 1993).

Logical relevance is not at issue. In 2009, after those thefts, Wal-Mart warned Proby in writing that he was "banned" from Wal-Mart property and could be prosecuted for trespassing if he returned. This and related evidence tended to show, as required by the jury instructions on burglary, that Proby knowingly entered Wal-Mart unlawfully in 2012.[1]

Proby thus challenges legal relevance, urging that such proof was more prejudicial than probative. We need not reach that issue.

"If it is easier to dispose of a claim for lack of prejudice, a court should do so," ***Hardy v. State***, 306 S.W.3d 159, 161 (Mo.App. 2010), to quote common parlance in post-conviction cases. Reason and law lead us to do the same here, since "on direct appeal, this Court reviews the trial court for prejudice, not mere error, and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial." ***State v. Forrest***, 183 S.W.3d 218, 223-24 (Mo. banc 2006) (footnote and internal quotation marks omitted).

Specifically, error in admitting evidence of other crimes "will not be reversed on appeal absent a showing of prejudice." ***State v. Simmons***, 944 S.W.2d 165, 178 (Mo. banc 1997). No relief lies unless such error "prejudices the entire proceeding

---

[1] Jurors were further instructed to consider such evidence only for that purpose:

> If you find and believe from the evidence that defendant was involved in or was convicted of or pled guilty to offenses other than the one for which he is now on trial, you may consider that evidence on the issue of intent of the defendant. You may not consider such evidence for any other purpose.

against the defendant." ***State v. Roberts***, 948 S.W.2d 577, 592 (Mo. banc 1997). A defendant must persuade us that improperly admitted evidence "so influenced the jury that, when considered with and balanced against all of the evidence properly admitted, there is a reasonable probability that the jury would have reached a different conclusion but for the erroneously admitted evidence." ***Id.***

As in ***Roberts***, proof of Proby's guilt was "essentially uncontroverted and overwhelming" with "virtually no danger" that the complained-of evidence was outcome determinative. ***Id***. Each of Proby's 2012 crimes was (1) eye-witnessed by security personnel who knew Proby from prior experience and who testified at trial, or (2) recorded on surveillance videos and still images that were shown to the jury, or (3) proved both ways. Twice Proby fled to avoid immediate apprehension; the stolen goods were recovered along his getaway paths. Another time, Proby was holding the loot when police arrested him. The defense called no witnesses at trial. Jurors reached eight guilty verdicts in less than 30 minutes.

Proby's failure to show outcome determinative prejudice moots his complaint of evidence-specific error. ***Id***. Judgments affirmed.

DANIEL E. SCOTT, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

WILLIAM W. FRANCIS, JR., C.J., P.J. – CONCURS