

# Missouri Court of Appeals

## Southern District

### Division One

| | |
|---|---|
| JOSEPH WILLIE PROBY, | ) |
| | ) |
| Movant-Appellant, | ) |
| | ) |
| vs. | ) No. SD35831 |
| | ) Filed: September 5, 2019 |
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent-Respondent. | ) |

### APPEAL FROM THE CIRCUIT COURT OF NEW MADRID COUNTY

Honorable W. Keith Currie, Judge

**<u>AFFIRMED</u>**

Joseph Willie Proby ("Proby") appeals from a judgment of the motion court denying his Rule 29.15[1] motion to set aside his convictions of four counts of burglary, and four counts of felony stealing (third offense). Because the motion court's decision to deny relief was not clearly erroneous, we affirm.

---

[1] All rule references are to Missouri Court Rules (2019).

## Factual and Procedural Background

We recite the evidence in accord with the motion court's explicit and implicit determinations, including those regarding credibility. *Shockley v. State*, No. SC96633, 2019 WL 1614593, \*3 (Mo. banc 2019). Other information is set forth as necessary for clarity.

In the fall of 2009, Proby was caught stealing food from Walmart. He was apprehended and placed in custody. At that time, Walmart representatives gave Proby a "notice of trespass," indicating that Proby was "no longer permitted on any Walmart property at any time in the future[.]" Proby returned to this Walmart later in 2009, and was caught stealing liquor. He was charged with two counts of misdemeanor stealing, and pled guilty to both charges in January 2010.[2]

Proby was thereafter caught stealing from the same Walmart on March 26 and 27, 2012, and on July 15 and 28, 2012.

Proby was charged by amended information, in Case No. 12NM-CR01206 (July 15 and 28, 2012 offenses), with two counts of the class B felony of burglary in the first degree[3] (Counts I and III); and two counts of the class D felony of "Stealing Related Ofns – 3rd Ofns Stealing, Buying, Receiving, Robbery"[4] (Counts II and IV).

In Case No. 12NM-CR01207 (March 26 and 27, 2012 offenses) Proby was charged by third amended information with two counts of the class C felony of burglary in the second degree (amended to the class B felony of burglary in the first degree)[5] (Counts I and III); and two counts

---

[2] The pleas of guilty associated with those misdemeanor charges included a "waver of counsel" section signed by Proby.

[3] *See* section 569.160. All references to section 569.160 are to RSMo (2000)

[4] *See* section 570.040. All references to section 570.040 are to RSMo Cum.Supp. (2009).

[5] *See* section 569.160. The stealing charges were enhanced from misdemeanors to felonies, pursuant to section 570.040, based on Proby's January 2010 guilty pleas to two separate counts of misdemeanor stealing.

of the class D felony of "Stealing Related Ofns – 3ʳᵈ Ofns Stealing, Buying, Receiving, Robbery"[6] (Counts II and IV).

In both cases, Proby was charged as a prior and persistent offender as he pled guilty to felony stealing on October 1, 1985, and felony second-degree burglary and stealing on May 21, 1991.

The cases were consolidated for purposes of trial, and a jury trial commenced on May 2, 2013. The jury found Proby guilty on all charges.[7]

On direct appeal, this Court affirmed Proby's convictions and sentences. *See **State v. Proby***, 437 S.W.3d 375 (Mo.App. S.D. 2014). This Court issued its mandate on August 13, 2014.

On October 20, 2014, Proby timely filed his *pro se* Rule 29.15 motion for post-conviction relief. Counsel was appointed on October 22, 2014, and was granted a 30-day extension to file an amended motion. Proby's amended motion was timely filed on January 20, 2015. Therein, Proby alleged that his appellate counsel was ineffective for failing to assert that "**the State failed to adduce sufficient evidence to support a finding that [he] had committed the crime of stealing, third offense**[,]" in that the State's evidence demonstrated that Proby "**was not represented by counsel for [his] prior stealing charges, and thus [his] pleas for those charges could not be counted as 'stealing-related offenses.'**" (Emphasis in original).

---

[6] *See* section 570.040.

[7] In Case No. 12NM-CR01206, the trial court sentenced Proby to eleven years' imprisonment on Count I, five years' imprisonment on Count II, eleven years' imprisonment on Count III, and five years' imprisonment on Count IV. The sentences in Counts I and III were to run concurrently with each other, as were the sentences in Counts II and IV. The sentences in Counts I and III were to run consecutively to Counts II and IV "(Total 16 years)," and run concurrently to the sentences issued in Case No. 12NM-CR01207.

In Case No. 12NM-CR01207, the trial court sentenced Proby to eleven years' imprisonment on Count I, five years' imprisonment on Count II, eleven years' imprisonment on Count III, and five years' imprisonment on Count IV. The sentences in Counts I and III were to run concurrently with each other, as were the sentences in Counts II and IV. The sentences in Counts I and III were to run consecutively to Counts II and IV "(Total 16 years)," and run concurrently to the sentences issued in Case No. 12NM-CR01206.

By letter dated March 1, 2018, Proby lodged appellate counsel's affidavit with the motion court and requested that the motion court take the matter under submission if the State had no evidence to present at a potential motion hearing.[8]  In a hearing on May 2, 2018, Proby's counsel orally "waive[d] evidentiary hearing and submit[ted] evidence on the record."

On August 30, 2018, the motion court issued its "Findings of Fact and Conclusions of Law," rejecting Proby's Rule 29.15 motion.  The motion court found that appellate counsel was not ineffective for failing to raise an insufficiency-of-the-evidence claim (pursuant to the basis alleged in Proby's amended motion) because the plain meaning of section 570.040 authorized sentencing enhancement (felony stealing) based on the record before the motion court.  This appeal followed.

In one point relied on, Proby argues that the motion court clearly erred in rejecting his Rule 29.15 motion for post-conviction relief, in that appellate counsel "fail[ed] to raise on appeal that the State failed to adduce evidence supporting the charges of felony stealing," and that there was "a reasonable probability that [Proby] would have been convicted of misdemeanor counts of stealing, rather than felony counts of stealing."

**Standard of Review**

This Court reviews the denial of post-conviction relief to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k).  A judgment is clearly erroneous when, in light of the entire record, the court is left with the definite and firm impression that a mistake has been made. The motion court's findings are presumed correct.  This Court defers to the motion court's superior opportunity to judge the credibility of witnesses.

To be entitled to post-conviction relief for ineffective assistance of counsel, a movant must show by a preponderance of the evidence his or her trial counsel failed to meet the *Strickland* test to prove his or her claims.  *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Under *Strickland*, Movant must demonstrate:  (1) trial counsel failed to exercise the level

---

[8] This was done by letter, dated March 1, 2018, addressed to the motion court and opposing counsel.

of skill and diligence reasonably competent trial counsel would in a similar situation, and (2) he was prejudiced by that failure. *Id.* at 687.

Movant must overcome the strong presumption trial counsel's conduct was reasonable and effective. To overcome this presumption, a movant must identify specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance. Trial strategy decisions may be a basis for finding ineffective assistance of counsel only if that decision was unreasonable. Strategic choices made after a thorough investigation of the law and the facts relevant to plausible opinions are virtually unchallengeable[.]

To establish relief under *Strickland*, a movant must prove prejudice. Prejudice occurs when there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*Shockley*, 2019 WL 1614593, at \*3 (internal quotations and citations omitted).

## Analysis

Proby argues that the motion court clearly erred in denying his Rule 29.15 motion for post-conviction relief in that "appellate counsel was ineffective for failing to raise on appeal that the State failed to adduce evidence supporting the charges of felony stealing[.]" He posits that "[b]ut for appellate counsel's ineffective assistance, there is a reasonable probability that [Proby] would have been convicted of misdemeanor counts of stealing, rather than felony counts of stealing."

It is a movant's burden to "overcome the strong presumption [that] counsel's conduct was reasonable and effective." *Shockley*, 2019 WL 1614593, at \*3. "[A]ppellate counsel cannot be deemed ineffective for failing to raise a nonmeritorious claim." *Joyner v. State*, 421 S.W.3d 580, 582 (Mo.App. E.D. 2014). Prerequisite to relief, movant *must* demonstrate that "strong grounds . . . exist showing that counsel failed to assert a claim of error which would have required reversal had it been asserted and which was *so obvious from the record* that a competent and effective lawyer *would have recognized it and asserted it*." *Brown v. State*, 450 S.W.3d 847, 852 (Mo.App. S.D. 2014) (internal quotation and citation omitted) (emphasis added).

5

Moreover, "[a]ppellate counsel 'need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal.'" *Lopez v. State*, 300 S.W.3d 542, 552 (Mo.App. S.D. 2009) (*quoting Smith v. Robbins*, 528 U.S. 259, 288, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000)). Failure to raise "an unpreserved claim of error . . . will rarely be determined to be ineffective by appellate counsel." *Goodwater v. State*, 560 S.W.3d 44, 57 (Mo.App. W.D. 2018).

Proby argues that appellate counsel was ineffective for failing to raise the substance of the following claim on direct appeal:

> By establishing that [Proby]'s crime of stealing was his third 'stealing-related offense,' the State could seek punishment for [Proby] having committed a class D Felony instead of a class A misdemeanor. A 'stealing-related offense' is defined by Section 570.040:
>
>> [T]he term 'stealing related offense' shall include federal and state violations of criminal statutes against stealing, robbery, or buying or receiving stolen property *and shall also include municipal ordinances against same if the defendant was either represented by counsel or knowingly waived counsel in writing*[.]
>
> RSMo §570.040.2 [] (emphasis added).[9]

---

[9] The full version of section 570.040 recites as follows:

1. Every person who has previously pled guilty to or been found guilty of two stealing-related offenses committed on two separate occasions where such offenses occurred within ten years of the date of occurrence of the present offense and who subsequently pleads guilty or is found guilty of a stealing-related offense is guilty of a class D felony, unless the subsequent plea or guilty verdict is pursuant to paragraph (a) of subdivision (3) of subsection 3 of section 570.030, in which case the person shall be guilty of a class B felony, and shall be punished accordingly.

2. As used in this section, the term **"stealing-related offense"** shall include federal and state violations of criminal statutes against stealing, robbery, or buying or receiving stolen property and shall also include municipal ordinances against same if the defendant was either represented by counsel or knowingly waived counsel in writing and the judge accepting the plea or making the findings was a licensed attorney at the time of the court proceedings.

3. Evidence of prior guilty pleas or findings of guilt shall be heard by the court, out of the hearing of the jury, prior to the submission of the case to the jury, and the court shall determine the existence of the prior guilty pleas or findings of guilt.

(Emphasis in original).

6

The italicized language of subsection 2 is clear. It contemplates that a municipal stealing-related offense can be counted for enhancement purposes even in cases where the defendant did not have counsel, so long as he knowingly waived counsel in writing. By not adding the counsel-and [sic] waiver clause immediately following the 'federal and state violations' language, the legislature necessarily limited the counting of waiver-of-counsel stealing-related offenses only to municipal cases.

Had the legislature meant for the waiver clause to apply to federal and state violations, it would have included a comma after 'property' and 'same.'[10]

. . . .

As written, the exception for an uncounseled plea only applies to a municipal charge where the defendant has knowingly waived counsel in writing due to the rule of the last antecedent.

. . . .

[Section] 570.040 [] is inapplicable to [Proby] since he waived counsel in writing on two state charges of misdemeanor stealing.

(Emphasis in original).

Proby's point relied on styles the claim appellate counsel should have raised as one of evidentiary sufficiency: "appellate counsel was ineffective for failing to raise on appeal that the State *failed to adduce evidence* supporting the charges of felony stealing[.]" (Emphasis added). However, this formulation strongly insinuates an attempt to shoehorn[11] a statutory interpretation

---

[10] *Ex gratia*, we observe that Proby's methodology for arriving at the plain meaning of section 570.040 runs afoul of controlling principles of statutory interpretation. As our Supreme Court has indicated, "[w]hile the *location* of a comma *can* be significant to the meaning of a statutory provision, the *lack* of a comma *cannot* compel an interpretation that is contrary to the other language in [the] section []." *State ex rel. Goldsworthy v. Kanatzar*, 543 S.W.3d 582, 587 (Mo. banc 2018) (emphasis added).

[11] Attempts at "shoehorning" one claim into another have not met with favor in our appellate courts. *See*, *e.g.*, *Matter of Care and Treatment of Lester Bradley v. State*, 554 S.W.3d 440, 455 (Mo.App. W.D. 2018); *Esparza v. State*, 518 S.W.3d 269, 272 (Mo.App. W.D. 2017); *Turner v. State*, 341 S.W.3d 750, 754 (Mo.App. S.D. 2011); *Woodworth v. State*, 408 S.W.3d 143, 150 (Mo.App. W.D. 2010); *State v. Mitchell*, 41 S.W.3d 574, 579 (Mo.App. S.D. 2001).

issue of first impression[12] into a garden-variety substantial evidence challenge. This is perhaps owing to Proby's realization that the precise issue now argued was ***not*** directly presented to the trial court, and was not preserved for direct appeal.

Proby's brief represents that this claim is preserved "[b]ecause the claim was included in the amended motion and evidence regarding the claim was submitted to the motion court in affidavit form in lieu of testimony at an evidentiary hearing[.]" We agree insofar as his presentation of the claim to the motion court, but it is also necessary to determine whether the substance of the claim was preserved for direct appeal. *See **Goodwater***, 560 S.W.3d at 57. In his argument section, Proby claims (without citation to the record)[13] that "[t]rial counsel preserved the issue properly." We observe a few references to waiver of counsel in the record, but no mention of this specific issue.[14] Aside from these, however, we—undirected by Proby—find no other mention of this issue in the rest of the trial record, including Proby's "Motion for Judgment of Acquittal at the Close of State's Evidence," and "Motion for Acquittal or in the Alternative for a New Trial."

"Where an alleged error that was not raised was not preserved, the right to relief due to ineffective assistance of appellate counsel tracks the plain error rule[.]" ***Collings v. State***, 543 S.W.3d 1, 14 (Mo. banc 2018) (internal quotation and citation omitted). "To find a trial court plainly erred, the alleged error must be evident, obvious, and clear and provide substantial grounds for believing a manifest injustice or miscarriage of justice occurred." ***Id.*** (internal quotation and

---

[12] Proby concedes that this argument "is one of first impression," "[t]here exists no case law contesting the statute and its construction regarding the waiver of counsel," and "the argument has not been made before[.]"

[13] *See* Rule 84.04(e) ("All factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits.").

[14] Even there, defense counsel did not request or obtain a ruling from the trial court, nor did he request any relief.

citation omitted). "The review of an unpreserved claim for plain error is discretionary[,]"[15] and

failure to raise "an unpreserved claim of error . . . will rarely be determined to be ineffective by

appellate counsel." ***Goodwater***, 560 S.W.3d at 57.

> The motion court's findings on this issue were, in relevant part, as follows:

> It is clear from the Exhibits A-3 through A-6, [Proby] entered a plea of guilty to two counts of misdemeanor stealing in front of Judge John C. Spielman on January 5, 2010. The plea of guilt [sic] contains a waiver of counsel section that was signed by [Proby]. Exhibit A-4. The statute is clear that a "[']stealing related offense' shall include federal and state violations of criminal statutes against stealing[,] robbery, or buying or receiving stolen property." RSMo 570.040. Where the language of a statute is plain and admits but one meaning[,] there is no room for judicial construction. And under the guise of judicial interpretation a court shall have no right to change the meaning of a plain and unambiguous statute. It is clear from the exhibits that movant entered pleas of guilty to two stealing related offenses and waived his right to counsel, and as such met the requirements for statutory enhancement. Therefore, [a]ppellate counsel's failure to raise the issue was not ineffective.

(Internal citations omitted).

Proby's post-conviction appellate counsel submitted an affidavit into the record. His

(impliedly) credited testimony indicates as follows: (1) "after reviewing [the] transcript and the

legal file, [appellate counsel determined that] the only preserved claim concerning the past stealing

offenses is that Exhibit 3 was hearsay"; (2) appellate counsel believed that section 570.040 "is

silent as to whether a defendant must have been represented by counsel or that he or she waived

counsel for a state violation[,]" but this requirement was nevertheless met "because there was

evidence that [Proby] waived counsel for his past offenses[]"; (3) appellate counsel discerned "no

reason that the clause [in section 570.040] pertaining to being represented by counsel would apply

to state violations but the clause pertaining to waiving counsel would not[]"; and (4) appellate

---

[15] ***State v. Arrington***, No. SD35662, 2019 WL 2479996 *1 (Mo.App. S.D. June 13, 2019).

counsel did not include Proby's claim on direct appeal because he "believe[d] it would not have been meritorious."

Proby fails to demonstrate his now asserted claim was "so obvious from the record that a competent and effective lawyer would have recognized it and asserted it [on direct appeal]"[16]—he likewise fails to demonstrate error that was "evident, obvious, and clear," and that there are "substantial grounds for believing a manifest injustice or miscarriage of justice occurred." *Collings*, 543 S.W.3d at 14. Proby's Point I is denied.

The judgment of the motion court is affirmed.

WILLIAM W. FRANCIS, JR., J. – OPINION AUTHOR

GARY W. LYNCH, P.J. – CONCURS

NANCY STEFFEN RAHMEYER, J. – CONCURS

---

[16] *Brown*, 450 S.W.3d at 852 (internal quotation and citation omitted).