

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED111230 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Cape Girardeau County |
| vs. | ) | |
| | ) | Honorable Scott A. Lipke |
| DAMATHAN L. STEVENS, | ) | |
| | ) | |
| Appellant. | ) | FILED: February 20, 2024 |

## Introduction

Damathan L. Stevens ("Stevens") appeals from the trial court's judgment following jury convictions for resisting arrest, assault in the fourth degree, and unlawful possession of drug paraphernalia. In his sole point on appeal, Stevens argues the trial court plainly erred in admitting evidence that, at the time of the arrest, Stevens had been charged in a neighboring jurisdiction with second-degree kidnapping and third-degree assault. Because Stevens has failed to meet his burden of facially establishing substantial grounds for believing manifest injustice or miscarriage of justice resulted from the admission of this evidence, we decline to exercise our discretion to review for plain error under Rule 30.20.[1] Point One is denied, and we affirm the trial court's judgment.

---

[1] All Rule references are to Mo. R. Crim. P. (2022).

Factual and Procedural History

On July 25, 2022, Cape Girardeau Police Officer M.T. was in his patrol vehicle when he received information from nearby Scott City Police Department about a stolen 2002 silver Hyundai Santa Fe ("the vehicle"). Twenty minutes later, Officer M.T. observed Stevens driving the vehicle. Without engaging his patrol lights, Officer M.T. followed Stevens into a parking lot. As Stevens exited the vehicle, Officer M.T. ordered him to stop. Stevens complied. Officer M.T. advised Stevens that the vehicle had been reported stolen, but Stevens maintained that the vehicle belonged to his girlfriend and he had permission to drive it. Another police officer, Officer D.S., arrived.

Through his dispatch radio, Officer M.T. engaged with the Cape Girardeau Police Department. Dispatch, in turn, communicated with Scott City's police force to determine how Officer M.T. should proceed with Stevens and the vehicle. Stevens was within earshot of the radio and overheard as dispatch instructed Officer M.T. to arrest Stevens and tow the vehicle. Stevens then began to run from Officers M.T. and D.S., ignoring their orders to stop. Both officers deployed their Tasers, at least one of which made contact. Stevens fell to the ground. The officers approached and attempted to apply handcuffs, but Stevens resisted. A third officer, Officer C.S., arrived.

A physical altercation between Stevens and the officers ensued. During the melee, Stevens "flail[ed] his arms around," resisting the officers, and made a shoving motion that knocked Officer D.S. to the ground. Officer C.S. was also pushed and fell into a parked vehicle. Stevens again evaded the officers and continued to run through the parking lot toward a highway. Officer M.T. followed Stevens by vehicle. Officer C.S. pursued him by foot and deployed his Taser, which made contact with Stevens and caused him to fall. As Stevens attempted to stand, Officer C.S. successfully activated his Taser a final time. The officers then secured Stevens with

handcuffs, placed him under arrest, and conducted a search incident to arrest. In the search, the officers recovered a glass pipe with a bubble on the end, commonly used to smoke methamphetamine.

During the incident, neither Officer M.T. nor Officer C.S. activated their body cameras. Although Officer D.S.'s body camera was activated, it was knocked off as he tried to handcuff Stevens and captured only part of the incident. Surveillance footage recorded the interaction within the parking lot, but Stevens went out of frame when he ran toward the highway.[2]

The case proceeded to trial. At trial, both Officer D.S.'s body camera footage and the surveillance footage were played for the jury. Additionally, the three responding officers testified. During re-direct examination of Officer D.S., the State engaged in the following exchange:

> State: At this time, I'm going to hand you what's been marked as State's Exhibit 4. Can you tell me what that is?
>
> Officer D.S.: This is a warrant from Scott County Sheriff's officers, Scott County District.
>
> State: And who is that warrant for?
>
> Officer D.S.: [Stevens].
>
> State: Can you tell me what the charges are for that?
>
> Officer D.S.: Kidnapping second degree, stealing a motor vehicle[,] and assault third degree.

The State then elicited testimony that the stolen motor vehicle referenced in the Scott County warrant was the same vehicle Stevens was driving when Officer M.T. stopped Stevens and acted to arrest him for committing the felony of stealing a motor vehicle. Re-cross and further re-direct of Officer D.S. followed. Officer C.S. then testified. After Officer C.S.'s testimony, the State sought to admit the warrant into evidence. The trial court asked Stevens if he objected—to

---

[2] Neither Officer D.S.'s body camera footage nor the surveillance footage were submitted to this Court as part of the appellate record.

3

which he responded, "No, Your Honor"—and then admitted the exhibit. The second-degree kidnapping and third-degree assault charges were not referenced again. Stevens rested without presenting any evidence.

The jury acquitted Stevens of a third-degree assault charge and found him guilty of resisting arrest, fourth-degree assault of a law enforcement officer, and unlawful possession of drug paraphernalia. The trial court sentenced Stevens to five years in prison. This appeal follows.

Point on Appeal

In Stevens's sole point on appeal, he argues that the trial court plainly erred in admitting evidence that Stevens was facing charges for second-degree kidnapping and third-degree assault in Scott County. Stevens reasons that the testimony constituted inadmissible evidence of prior bad acts and was presumptively prejudicial. Stevens appears to argue that, because of this presumption, manifest injustice or miscarriage of justice necessarily resulted.

Standard of Review

Stevens acknowledges that this point was not preserved for appeal and asks that we use our discretion to review for plain error. "Generally, this Court does not review unpreserved claims of error." State v. Brandolese, 601 S.W.3d 519, 525 (Mo. banc 2020). Rule 30.20 creates an exception by granting "appellate courts discretion to review 'plain errors affecting substantial rights . . . when the court finds that manifest injustice or miscarriage of justice has resulted therefrom.'" Id. at 526 (quoting Rule 30.20).

Our review under Rule 30.20 is a two-step process. State v. Minor, 648 S.W.3d 721, 731 (Mo. banc 2022). "The first step requires a determination of whether the claim of error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted.'" Id. (quoting Grado v. State, 559 S.W.3d 888, 899–900 (Mo. banc 2018)). "In the

4

absence of such a determination, an appellate court should decline to review for plain error." State v. Gonzalez, 671 S.W.3d 846, 850 (Mo. App. E.D. 2023). As recent Supreme Court of Missouri cases emphasize, it would "ignore[] Rule 30.20's exclusivity [to] jump[] into a merits analysis without finding manifest injustice" established on the face of the appellant's claim. Brandolese, 601 S.W.3d at 528. Then, only if the appellant meets this threshold burden, do we proceed to the second step and determine whether the claimed error actually resulted in manifest injustice or miscarriage of justice. Minor, 648 S.W.3d at 731 (quoting Grado, 559 S.W.3d at 899–900).

Discussion

## I. Admission of Evidence of Pending Kidnapping and Assault Charges

Based on the arguments submitted by both parties, we must, as a preliminary matter, clarify the scope of Stevens's point on appeal. Officer D.S. testified about three charges pending against Stevens in Scott County: kidnapping, assault, and tampering with a motor vehicle. Stevens expressly limits the scope of his appeal to challenging the admission of evidence related to kidnapping and assault; he does not challenge the admissibility of evidence related to tampering with a motor vehicle. In fact, Stevens concedes that evidence of the tampering charge was relevant to establishing why Officer M.T. initially stopped Stevens. Additionally, Stevens does not challenge the admission of the warrant itself into the evidentiary record. Rather, he challenges the admissibility of Officer D.S.'s **testimony** about the charges.[3] We find this

---

[3] We must distinguish Stevens's challenge of **testimony** offered by Officer D.S.—during which Stevens was silent— from the **admission of the warrant** into the evidentiary record—to which Stevens affirmatively stated he had no objection. See State v. Johnson, 284 S.W.3d 561, 582 (Mo. banc 2009) (internal quotation omitted) ("Plain error review does not apply when a party affirmatively states that it has no objection to evidence an opposing party is attempting to introduce[.]"). Officer D.S.'s testimony about the pending charges was elicited during re-direct examination. Re-cross and further re-direct of Officer D.S. followed. Then, Officer C.S. testified. Only then did the State move to admit the warrant into evidence, at which time Stevens affirmatively stated he had no objection. Twelve transcript pages separate Officer D.S.'s initial testimony from the admission of the warrant. We decline to interpret Stevens's affirmative statement so broadly as to reach back and waive review of the testimony offered long

5

clarification necessary because the State dedicates considerable argument to suggesting that admitting evidence of the tampering charge was relevant and admitting the exhibit was proper. Neither of these evidentiary issues are challenged by Stevens, and we need not consider them in our analysis.

### A. Stevens Failed to Satisfy His Burden of Facially Establishing Substantial Grounds for Believing Manifest Injustice or Miscarriage of Justice Resulted

Plain errors are "evident, obvious, and clear." State v. Robinson, 541 S.W.3d 21, 27 (Mo. App. E.D. 2018) (internal citation and quotation omitted). Not every allegation of plain error, however, is entitled to plain error review. Brandolese, 601 S.W.3d at 526. "To obtain a new trial on direct appeal based on a claim of plain error, the appellant must show 'the error was outcome determinative.'" Minor, 648 S.W.3d at 731 (quoting State v. Wood, 580 S.W.3d 566, 579 (Mo. banc 2019)). When, as here, the alleged error involves erroneously admitted evidence, an appellant establishes outcome-determinative error by showing that the "erroneously admitted evidence so influenced the jury that, when considered with and balanced against all of the evidence properly admitted, there is a reasonable probability that the jury would have reached a different conclusion but for the erroneously admitted evidence." State v. Black, 524 S.W.3d 594, 601 (Mo. App. S.D. 2017) (quoting State v. Barriner, 34 S.W.3d 139, 150 (Mo. banc 2000)). "In the absence of an error of this magnitude, no manifest injustice or miscarriage of justice exists[,] and the appellate court should decline to exercise its discretion to review the claim of plain error pursuant to Rule 30.20." Id. at 600 (internal quotation omitted).

Moreover, Missouri caselaw clearly establishes that an appellant does not demonstrate manifest injustice or miscarriage of justice simply by identifying a broad principle of trial court

---

before. Rather, we find Stevens waived review only of the warrant's admission into evidence. See State v. Crosby, 655 S.W.3d 25, 32 (Mo. App. W.D. 2022) (interpreting the defendant's assertion of "no objection" narrowly, so that it waived review only as to the admissibility of an exhibit).

6

error.  See Brandolese, 601 S.W.3d at 526–27.  Rather, manifest injustice must be established in connection with the ***particular facts and circumstances*** of the case.  State v. Baxter, 204 S.W.3d 650, 652 (Mo. banc 2006); see also Brandolese, 601 S.W.3d at 526–27 (finding the appellant did not establish manifest injustice in a claim alleging the jury was impartial when "there [was] no evidence or allegation beyond the alleged unpreserved error itself that [the appellant] suffered an unfair or unjust trial" and declining to conduct plain error review).

Stevens fails to identify how his alleged claim of error was outcome determinative under the particular facts and circumstances of his case.  Stevens merely submits, "Because of the significant danger of prior-bad-act evidence and the presumption that it was prejudicial, this Court should find a manifest injustice resulted from the admission of this legally irrelevant evidence."  Stevens implicitly asks us to find that whenever an error is "presumptively prejudicial" then it necessarily gives rise to manifest injustice.  As this finding would run counter to the mandate that manifest injustice be shown within the particular facts of a case, we decline to do so.  See Baxter, 204 S.W.3d at 652; see also Brandolese, 601 S.W.3d at 526–27.

To be sure, "[e]vidence of uncharged crimes is generally inadmissible to show a defendant's propensity to commit the charged offense."  State v. Stafford, 589 S.W.3d 705, 711–12 (Mo. App. E.D. 2019).  It is axiomatic that admitting evidence of other crimes, "when not properly related to the case on trial, violates the defendant's right to be tried for the offense for which he is indicted."  State v. Moore, 352 S.W.3d 392, 402 (Mo. App. E.D. 2011) (citing Mo. Const. art 1, secs. 17, 18(a)).  We generally agree with Stevens—and the State also appears to concede—that the evidence introduced here does not fall into any established exception under which prior bad acts are admissible.  See State v. Miller, 372 S.W.3d 455, 473–74 (Mo. banc 2012) (listing exceptions).  Whether intentional or simply an oversight, the State phrased its

7

question to Officer D.S. to include the inadmissible information. See State v. Salmon, 563 S.W.3d 725, 734 (Mo. App. E.D. 2018). When we look to these broad principles, each indicates that admission of the evidence was in error. State v. Hollowell, 643 S.W.3d 329, 336 (Mo. banc 2022) ("When an evidentiary principle or rule is violated, a circuit court commits error.").

However, as we have noted, Stevens's burden in the first step of plain error review is not satisfied simply by identifying, at a broad level, an error or even a plain error. See Brandolese, 601 S.W.3d at 526–27. Rather, Stevens was required to establish substantial grounds for believing this error led to manifest injustice or miscarriage of justice given the particular facts and circumstances of his case. See Minor, 648 S.W.3d at 731; Baxter, 204 S.W.3d at 652. He has failed to do so. Stevens does not address, for instance, how Officer D.S.'s fleeting reference to the kidnapping and assault charges—mentioned only once in the course of the trial—was outcome determinative. See State v. Ratliff, 622 S.W.3d 736, 746 (Mo. App. W.D. 2021) (finding an appellant did not facially establish substantial grounds for believing manifest injustice occurred where the inadmissible evidence was traced to "a single question" and the State did not "emphasize or refer to the [] testimony at any other time"); see also State v. Smiley, 240 S.W.3d 214, 219 (Mo. App. S.D. 2007) (finding an "isolated comment" was not prejudicial). Nor does Stevens establish how the erroneously admitted evidence, balanced against the State's admissible evidence of two videos and consistent testimony from three responding officers, so significantly influenced the jury as to cause it to reach a different conclusion. See State v. Proby, 437 S.W.3d 375, 377 (Mo. App. S.D. 2014) (finding there was no outcome-determinative error in light of overwhelming evidence proved by surveillance footage and eyewitness testimony from security personnel).

Absent any allegation or evidence of how Officer D.S.'s reference to the charges was outcome determinative, we cannot say that Stevens has met his burden of facially establishing substantial grounds for believing manifest injustice or miscarriage of justice occurred. See Minor, 648 S.W.3d at 731. We decline to review for plain error. See id. Point One is denied.

Conclusion

The judgment of the trial court is affirmed.


_____
KURT S. ODENWALD, Presiding Judge


Michael E. Gardner, J., concurs.
Renée D. Hardin-Tammons, J., concurs.